# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-983V
UNPUBLISHED

| | |
|---|---|
| KEVIN LANGE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: April 4, 2022<br><br>Motion for decision; Dismissal;<br>Influenza Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*LeeAnne Pedrick*, Maglio, Christopher, & Toale PA, Washington, DC, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On February 22, 2021, Kevin Lange filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Mr. Lange alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine he received on November 2, 2020. ECF no. 1.

On March 24, 2022, Mr. Lange filed a motion for a decision dismissing the petition. For the reasons set forth below, Mr. Lange's motion is **GRANTED**, and this case is **DISMISSED**.

In the petition, Mr. Lange alleged that he suffered a shoulder injury from an influenza vaccination and only noted one medical encounter on January 8, 2021, to treat the shoulder. ECF No. 1. Mr. Lange did not submit any medical records with the petition.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The February 25, 2021 PAR Initial Order required Mr. Lange to file all the statutorily required documents, including medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5. On March 8, 2021, Mr. Lange filed a declaration and some medical records. On May 7, 2021, Mr. Lange filed more medical records and a Statement of Completion.

After PAR initial review, I issued an order on October 22, 2021, indicating that Mr. Lange had not yet filed sufficient medical records to establish the severity requirement, i.e., that his shoulder injury persisted for more than six months or resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa—11(c)(1)(D)(i). I noted that Mr. Lange's most recent medical treatment for his shoulder was a January 8, 2021 appointment, less than six months after the vaccination. *See* exhibit 7 at 32. I ordered Mr. Lange to submit additional medical records to support the severity requirement.

In a motion for extension of time, Mr. Lange indicated that he was "scheduled to follow up with his primary care physician [in] January 2022 to address the severity of his injury." ECF no. 14. Mr. Lange ultimately did not submit any additional records.

On March 24, 2022, Mr. Lange filed a motion for a decision dismissing the petition stating that "[a]n investigation of the facts and science supporting his case has demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." ECF No. 16. Mr. Lange also noted that "[he], for personal reasons, is choosing not to seek further evaluation or treatment for his shoulder injury or to further pursue this action." *Id.*

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Mr. Lange alleged that he sustained a SIRVA Table Injury.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). The medical records indicate that Mr. Lange was experiencing shoulder pain on January 8, 2021, but this record only establishes that Mr. Lange's shoulder injury continued for approximately three months.[3] Mr. Lange has not submitted any additional evidence to establish that his injury persisted for more than six months or resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa—11(c)(1)(D)(i). For at least this issue, I find that Mr. Lange has not established the requirements for a SIRVA claim.

---

[3] Mr. Lange's declaration (exhibit 3) does not address the duration of his shoulder injury. Even if the declaration attested that the shoulder injury was ongoing, the declaration would only support the injury till the signature date, February 22, 2021, still less than the required six-month minimum.

Moreover, Mr. Lange admitted in the motion for a decision that he will not be able to establish entitlement to compensation.

      Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

                                     **s/Brian H. Corcoran**
                                     Brian H. Corcoran
                                     Chief Special Master

---

[4] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."